IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00023-RLV
(5:13-cr-00073-RLV-DCK-1)

| | |
|---|---|
| DARYL RASHEED HEIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct his Sentence which he filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion will be dismissed.

I. BACKGROUND

On September 18, 2013, Petitioner was indicted in this District on one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1), and one count of possession of a firearm during and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2). Petitioner entered into a plea agreement in which he agreed to plead guilty to Count 1 in exchange for the Government's agreement to dismiss Count 2. Simultaneously with the filing of the plea agreement, Petitioner, through counsel, filed a Factual Basis wherein Petitioner stipulated that there was evidence to support the entry of his guilty plea. (5:13-cr-00073, Doc. No. 23: Factual Basis).

On April 23, 2014, Petitioner appeared before U.S. Magistrate Judge David S. Cayer for

1

his Plea and Rule 11 hearing and he was placed under oath. The elements of the Hobbs Act robbery charged in Count 1 were explained to Petitioner along with the potential range of penalties and Petitioner averred that he understood the charge and the possible sentence he faced upon conviction. Petitioner then admitted that he was in fact guilty of the Hobbs Act robbery and he acknowledged that he was agreeing to waive his right to contest the robbery charge at trial. Further, Petitioner acknowledged that he had signed and agreed with the Factual Basis. Petitioner's answers to the court's questions were presented to him in writing to review and Petitioner agreed that his answers were true and his plea was accepted after the court found that it was knowing and voluntary. (Id., Doc. No. 24: Acceptance and Entry of Guilty Plea).

Petitioner's presentence report ("PSR") included the complete Factual Basis that was filed along with his plea agreement. The Factual Basis provides as follows:

> 5.   On March 24, 2012, DARYL RAASHEED HEIGHT did obstruct and affect interstate commerce by robbing a marijuana dealer of marijuana.
>
> 6.   On March 22, 2012, HEIGHT visited 119 Almond Road, Mooresville, North Carolina, which is the residence of a marijuana dealer (VICTIM 1). While there, VICTIM l sold HEIGHT a gram of marijuana for $10. HEIGHT smoked the marijuana with VICTIM 1. While in the residence, HEIGHT observed an open safe and marijuana in VICTIM 1's bedroom closet. After smoking the marijuana, HEIGHT then departed the residence.
>
> 7.   In the early morning hours of March 24, 2012, HEIGHT told two accomplices that he wanted to "get some weed" from VICTIM 1. The three then travelled to 119 Almond Road at approximately 3:30 AM where HEIGHT told the accomplices that they would rob the residence.
>
> 8.   HEIGHT approached the front door while the accomplices positioned themselves on the porch so as to be out of view of the occupants of the home. The accomplices wore panty hose stockings on their heads to obscure their appearances. All three were armed with handguns. HEIGHT then knocked on the door and it was noticed by a female resident (VICTIM 2). VICTIM 2 summoned a male resident of the home (VICTIM 3) who came to the door with his girlfriend

2

(VICTIM 4).

9. HEIGHT asked VICTIM 3 whether VICTIM 1 was selling marijuana. VICTIM 3 responded "not right now." Both VICTIM 2 and VICTIM 4 then decided to let VICTIM 3 address the individual at the door and they returned to their respective bedrooms. HEIGHT and his accomplices then rushed into the house while brandishing their handguns. An accomplice then struck VICTIM 3 in the head with a pistol and knocked him unconscious.

10. An accomplice then followed VICTIM 4 to her bedroom where he physically restrained her by forcing her to the ground holding a gun to her head and demanding her cell phone. VICTIM 4 could not find her cell phone so the assailant forced her into a bathroom and commanded her to stay there.

11. VICTIM 2 closed the door to her bedroom but an accomplice forced it open. VICTIM 2 managed to make a call to 911 and identified her address. The assailant then realized that she had called the police so he struck her in the head with his pistol.

12. The accomplices then went to the bedroom of VICTIM 1 and his girlfriend VICTIM 5. Finding the door closed, they kicked it in. The accomplices then demanded that VICTIM 1 open his safe. When VICTIM 1 refused, an accomplice struck VICTIM 1 in the nose with the butt of his pistol, breaking V1CTIM 1's nose. HEIGHT entered the room and then held his own gun to VICTIM 5's head, cocked the hammer, and threatened to kill her in "five seconds" if VICTIM 1 did not open the safe. VICTIM l then gave the safe code to VICTIM 5 who opened it. HEIGHT took two ounces of marijuana from the safe.

13. After robbing VICTIM 1 of the marijuana, HEIGHT realized that the police had been called and would be responding soon. All three intruders then fled.

14. Throughout the robbery HEIGHT carried a Rohm .22 long rifle caliber revolver which was manufactured in Germany.

15. VICTIM 1 suffered a broken nose that required hospitalization. This injury was between a bodily injury and a serious bodily injury in severity.

16. VICTIM 1's marijuana dealing operation affected interstate commerce and its assets were depleted by the robbery.

17. In addition to the Factual Basis, it is noted that the defendant and accomplices left the scene of the robbery with a cell phone and $2,000.00 in U.S.

currency.

18.     Otherwise, the Factual Basis appears to be a complete description of the offense conduct.

(Id., Doc. No. 31: PSR ¶¶ 5-18).[1]

On February 4, 2015, Petitioner appeared with counsel for his sentencing hearing and at the outset the Court reviewed the Rule 11 proceedings. Petitioner acknowledged that he had entered into the plea agreement with the Government and that he understood the conduct related to the Hobbs Act robbery charge, and he admitted that he was pleading guilty because he was in fact guilty of the charged conduct.[2] After resolving the objections to the PSR, the Court calculated a Guidelines range of 97 to 121 months' imprisonment based on an offense level of 29 and a criminal history category II. Petitioner was sentenced to a term of 120-months' imprisonment and he did not appeal. (Id., Doc. No. 35: Judgment).

In this collateral proceeding, Petitioner raises a lone claim that his counsel was ineffective in failing to challenge the factual basis to support the entry of his guilty plea to the Hobbs Act robbery.

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any

---

[1] Petitioner filed an objection to paragraph 17 of the PSR contending that he did not leave the scene of the robbery with a cell phone or $2,000. (Id. at 17). The probation officer recommended that this objection be overruled based on the evidence that she reviewed that was contained in the Government's discovery materials.

[2] Petitioner's objection to the finding that he was responsible for taking $2,000 and a cell phone during the robbery was overruled after the Court found that the information contained in the presentence report was reliable. The Court also overruled the Government's motion for a leadership enhancement and for an enhancement for the use of a minor child during the course of the robbery.

4

relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the effective assistance of counsel to assist in his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) the deficient performance was prejudicial the defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . ." Id. at 689. A petitioner seeking post-conviction relief based on ineffective assistance of bears a "heavy burden in overcoming this presumption." Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id.

To demonstrate prejudice in the context of a guilty plea, a Petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner "bears the burden of proving Strickland prejudice." Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992) (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at

5

697). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. See Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). Rather, the Court "can only grant relief under the second prong of Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).

In his § 2255 motion, Petitioner contends that his counsel was ineffective in failing to challenge the factual basis for his guilty plea because "neither the evidence or the Plea Allocution showed an effect on Interstate Commerce." (5:16-cv-00023, Doc. No. 1-1: Petitioner's Mem. at 2). Petitioner continues by arguing "that robbery of a marijuana dealer does not effect [sic] Interstate Commerce, because marijuana can be grown, processed and sold entirely in North Carolina." (Id. at 3).

In order to secure a conviction for a Hobbs Act robbery, the Government must prove (1) that a robbery took place, and (2) that the robbery had an effect on interstate commerce. See United States v. Strayhorn, 743 F.3d 917, 922 (4th Cir. 2014), cert. denied, 134 S. Ct. 2689 (2014) (citing United States v. Williams, 342 F.3d 350, 353 (4th Cir. 2003)).

Petitioner's argument is without merit for two reasons. First, the elements of the Hobbs Act robbery that was charged in Count 1 of his indictment were explained to Petitioner during his Plea and Rule 11 hearing and Petitioner swore that he was in fact guilty of the charged conduct, therefore he admitted that the robbery in which he participated had an effect on interstate commerce. Moreover, Petitioner acknowledged before this Court during sentencing that he was in fact guilty of the Hobbs Act robbery.

A petitioner is bound by his sworn statements that he makes during a properly conducted Rule 11 hearing and as this Court found during sentencing, and reaffirms herein, Petitioner's Rule 11 hearing was properly conducted therefore his present challenge must fail. See, e.g., Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005).

Second, the Fourth Circuit has denied similar challenges that conduct charged in a Hobbs Act prosecution had an insufficient effect on interstate commerce. For instance, in Taylor v. United States, the Fourth Circuit rejected a claim that the district court erred in precluding the defendant from offering evidence that robbing a drug dealer who sells marijuana that is produced exclusively within the borders of a state (Virginia) "does not affect interstate commerce and thus does not violate the Hobbs Act." 754 F.3d 217, 221 (4th Cir. 2013), cert. granted, 136 S. Ct. 26 (Oct. 1, 2015). See also United States v. Williams, 342 F.3d 350 (4th Cir. 2003); United States v. Tillery, 702 F.3d 170, 175 (4th Cir. 2012).[3]

Finally, although Petitioner disputed the evidence that he was responsible for spiriting away a cell phone and $2,000 in cash after the robbery, this Court overruled the objection after concluding that the evidence supported this finding. Accordingly, these items that were taken during the robbery – notwithstanding the marijuana – are sufficient to support a finding that

---

[3] It is of no moment that the Supreme Court has granted certiorari in the Taylor case because unless the Court rules otherwise, the Fourth Circuit precedent detailed above binds this Court on questions of law.

Petitioner's efforts in the robbery affected interstate commerce.

Based on the foregoing, the Court finds that Petitioner's § 2255 motion has failed to state a claim for relief and it will be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: February 25, 2016

Richard L. Voorhees
United States District Judge